JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **EDCV 20-2065 JGB (SPx)** | Date | November 19, 2020 |
|---|---|---|---|
| Title | *Lindsay Lambert v. CalPortland Company, et al.* | | |

| Present: The Honorable | JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE |
|---|---|

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order (1) GRANTING Plaintiff's Motion for Remand (Dkt. No. 14); (2) DENYING AS MOOT Defendant's Motion to Dismiss (Dkt. No. 11); and (3) VACATING the November 23, 2020 Hearing (IN CHAMBERS)

    Before the Court are two motions—a Motion to Dismiss filed by Defendant CalPortland Company and a Motion for Remand filed by Plaintiff Lindsay Lambert. ("Motion to Dismiss," Dkt. No. 11; "Motion for Remand," Dkt. No. 14.) The Court finds both Motions appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of and in opposition to the Motions, the Court GRANTS the Motion to Remand and DENIES the Motion to Dismiss as moot. The Court vacates the hearing set for November 23, 2020.

## I.    BACKGROUND

    On August 13, 2020, Plaintiff filed a prospective class action complaint in the Superior Court of the State of California for the County of San Bernardino against Defendant CalPortland Company. ("Complaint," Dkt. No. 3-4.) The Complaint alleges six causes of action: (1) Failure to pay vested vacation wages in violation of Cal. Labor Code § 227.3; (2) Failure to issue accurate wage statements in violation of Cal. Labor Code §§ 226 and 226.3; (3) Failure to pay all wages due upon separation of employment in violation of Cal. Labor Code §§ 201-203; (4) Unfair business practices in violation of Cal. Bus. and Prof. Code § 1700 et seq.; (5) Violation of the Fair Credit Reporting Act, ("FCRA") 15 U.S.C. § 1681(B)(2)(A); and (6) Penalties pursuant to the Private Attorney General Act, Cal. Labor Code § 2699 et seq. (Complaint.)

On October 5, 2020, Defendant removed the action to federal court. ("Notice of Removal," Dkt. No. 1.) The basis of Defendant's removal was federal question jurisdiction over the FCRA claim and supplemental jurisdiction over the other claims. (Id.)

Following removal, Defendant filed a Motion to Dismiss on October 12, 2020. (Motion to Dismiss.) Plaintiff opposed that Motion on October 19, 2020. ("Dismiss Opposition," Dkt. No. 12.) On October 26, 2020, Defendant replied. ("Dismiss Reply," Dkt. No. 15.)

Plaintiff filed a Motion to Remand on October 23, 2020. (Motion to Remand.) Defendant opposed that Motion on November 2, 2020. ("Remand Opposition," Dkt. No. 17.) In support of its Remand Opposition, Defendant also filed a request for judicial notice. (Dkt. No. 18.) Plaintiff replied on November 9, 2020. ("Remand Reply," Dkt. No. 19.)

## II.   LEGAL STANDARD

### A. Motions to Dismiss

Under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"), a party may bring a motion to dismiss for failure to state a claim upon which relief can be granted. Rule 12(b)(6) must be read in conjunction with Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that a pleader is entitled to relief," in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007); see Horosny v. Burlington Coat Factory, Inc., No. 15–05005, 2015 WL 12532178, at *3 (C.D. Cal. Oct. 26, 2015). When evaluating a Rule 12(b)(6) motion, a court must accept all material allegations in the complaint — as well as any reasonable inferences to be drawn from them — as true and construe them in the light most favorable to the non-moving party. See Doe v. United States, 419 F.3d 1058, 1062 (9th Cir. 2005); ARC Ecology v. U.S. Dep't of Air Force, 411 F.3d 1092, 1096 (9th Cir. 2005); Moyo v. Gomez, 32 F.3d 1382, 1384 (9th Cir. 1994).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (citations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." Id.

To survive a motion to dismiss, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570; Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). The Ninth Circuit has clarified that (1) a complaint must "contain sufficient allegations of underlying facts to give fair notice and to enable the

opposing party to defend itself effectively," and (2) "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011).

**B. Motions to Remand**

Under Article III of the Constitution, federal courts may exercise power over "Cases" and "Controversies." U.S. Const. art. III, §§ 1-2. This is standing. While some aspects of standing are "merely prudential considerations," standing may not be divorced from its "core component," the case-or-controversy requirement. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992). To prevent "federal courts [from] exceed[ing] their authority," the law of Article III standing "confines the federal courts to a properly judicial role" by "limit[ing] the category of litigants empowered to maintain a lawsuit in federal court." Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016).

In order for a plaintiff to have standing, she must meet three requirements. First, she must have suffered a concrete and particularized injury in fact, which must be actual or imminent, rather than speculative. Second, that injury must be fairly traceable to the defendant's alleged conduct. Third, the injury must be likely redressable by a favorable decision by the court. Lujan, 504 U.S. at 560-61 (1992). These requirements must be met for each claim the plaintiff brings, and for each remedy sought. Davis v. FEC, 554 U.S. 724, 734 (2008) (citing DaimlerChrysler Corp. v. Cuno, 547 U.S. 332, 352 (2006)).

Pursuant to 28 U.S.C. § 1441(a), a defendant may remove a matter to federal court where the district court would have original jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). Federal courts have limited jurisdiction, "possessing only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013). As such, a defendant may remove civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

The right to remove is not absolute, even where original jurisdiction exists. A defendant may not remove on diversity jurisdiction grounds "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b)(2). And a defendant must remove "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson v. Specialized Loan Servicing, LLC, 2014 WL

5514142, *6 (C.D. Cal. Oct. 31, 2014).  The court must resolve doubts regarding removability in favor of remanding the case to state court.  Id.

### III.  DISCUSSION

Plaintiff's Motion to Remand must be assessed first—if the Court remands, the Motion to Dismiss is moot.

Plaintiff's argument for remand is as follows: Removal was based on the Court's federal question jurisdiction over her FCRA claim and supplemental jurisdiction over her state-law claims. (Motion to Remand p. 2.)  Plaintiff argues that the claims she brought pursuant to the FCRA do not assert that she has suffered an "injury in fact" that would satisfy the Article III "case and controversy" requirement. (Id.)  Without injury in fact, there is no jurisdiction for the claims. (Id.)  Plaintiff cites Spokeo, 136 S. Ct. at 1550, for the proposition that FCRA plaintiffs "cannot satisfy the demands of Article III by alleging a bare procedural violation" of that statute because "[a] violation of one of the FCRA's procedural requirements may result in no harm." She also includes citations from other courts within this District. (Motion to Remand at 4 (quoting Mendoza v. ALDI, Inc., 2019 U.S. Dist. LEXIS 221642 (C.D. Cal. 2019)).

Defendant takes a contrary view.  It argues that Plaintiff has attempted to evade federal jurisdiction with artful pleading, and that Plaintiff has Article III standing because she alleges that the disclosure form at issue included information which implicates substantive rights to privacy of information. (Remand Opposition p. 3.)  In the alternative, it argues that it should be permitted to conduct limited discovery to determine whether Article III standing exists. (Id. at 12.)[1]

As "bare procedural" violations of the FCRA do not confer standing, Spokeo, 136 S. Ct. at 1550, but procedural violations of a plaintiff's "concrete interests" do, Robins v. Spokeo, Inc. ("Spokeo III"), 867 F.3d 1108, 1113 (9th Cir. 2017), the question the Court must answer is whether Plaintiff has alleged a bare procedural violation or a concrete injury.

Plaintiff's Complaint alleges the following: that Defendant's pre-employment drug and alcohol screening qualifies as a "consumer report" under the FCRA, and that in evaluating Plaintiff and other applicants for employment, Defendant "procured or caused to be prepared credit and background reports[.]" (Complaint ¶¶ 51-54.)  According to the Complaint, disclosures associated with the employment application "do not meet the requirements of the

---

[1] In conjunction with its Opposition, Defendant also requests the Court take judicial notice of four filings from other cases, labeled Exhibits A-D. (Dkt. No. 18.)  Defendant is correct that courts may take judicial notice of proceedings in other courts (so long as they are relevant). See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).  Accordingly, Defendants' request is granted.  However, the Court agrees with Plaintiff that the claims advanced by Plaintiffs in Defendant's request for notice are meaningfully different from the claims in Plaintiff's Complaint.

law because they are embedded with extraneous information, and are not clear and conspicuous disclosures in a stand-alone document." (Id. ¶ 55.) The Complaint goes on to allege Defendant required an unlawful liability release. (Id. ¶ 59.)

Defendant argues that within the Ninth Circuit, the FCRA creates "concrete injury when applicants are deprived of their ability to meaningfully authorize the credit check." Syed v. M-I, LLC, 853 F.3d 492, 499 (9th Cir. 2017). But Syed is distinguishable. In that case, the Ninth Circuit focused specifically on the plaintiff's confusion and the fact that he would have made a different choice if the liability waiver had contained a sufficiently clear disclosure. (Id.) Here, Plaintiff makes no such allegation—she pleads only a violation of the terms of the statute occurred, not that any prospective class member would choose differently if they had been given appropriate disclosure. (Complaint.)

If there is a line between bare procedural violations and concrete injury, it must be drawn between Syed and this case. Although the two share similarities, it is difficult to understand how much less Plaintiff could have alleged here while still advancing an FCRA claim. To deny remand would be to consider all FCRA violations concrete injuries. While such a result may not necessarily be undesirable, it is beyond the power of the Court to achieve.

Because Plaintiff's federal claim of a bare procedural violation of the FCRA is insufficient to establish standing, see Spokeo, 136 S. Ct. at 1550, the Court does not have subject matter jurisdiction over this case. There is no need for discovery to assess the issue further. Accordingly, Plaintiff's Motion for Remand is granted and Defendant's Motion to Dismiss is denied as moot.

## IV. CONCLUSION

For the reasons above, the Court GRANTS Plaintiff's Motion for Remand (Dkt. No. 14,) and DENIES AS MOOT Defendant's Motion to Dismiss (Dkt. No. 11). The November 23, 2020 hearing is VACATED.

**IT IS SO ORDERED.**